**2013 UT App 75**

# THE UTAH COURT OF APPEALS

SALT LAKE CITY,

*Plaintiff and Appellee,*

*v.*

RICHARD MENKE,

*Defendant and Appellant.*

Per Curiam Decision
No. 20120342-CA
Filed March 28, 2013

Third District, Salt Lake Department
The Honorable Randall N. Skanchy
No. 111904711

Caleb John Cunningham, Attorney for Appellant
Adrianna S. Davis and Padma Veeru-Collings,
Attorneys for Appellee

Before JUDGES ORME, DAVIS, and MCHUGH.

PER CURIAM:

¶1      Richard Menke appeals his conviction of burglary of a vehicle. Menke argues that there was insufficient evidence to support the conviction and that the district court should have granted his motion for a directed verdict. We affirm.

¶2      We review the district court's denial of a motion for directed verdict for correctness. *See State v. Hirschi*, 2007 UT App 255, ¶ 15, 167 P.3d 503. We will reverse only if the evidence, viewed "in the light most favorable to the verdict, . . . is sufficiently inconclusive or inherently improbable that reasonable minds must have

entertained a reasonable doubt that the defendant committed the crime of which he was convicted." *Id.* (citation and internal quotation marks omitted).

¶3    Menke first asserts that Salt Lake City presented insufficient evidence to demonstrate that he entered the UTA bus unlawfully. However, Menke admitted during trial that nobody gave him permission to enter the unoccupied and locked bus. Further, testimony demonstrated that before entering the bus, Menke tried to pry open the doors before proceeding to the driver's side window, reaching in, and hitting the door's release button. Under these circumstances, there was sufficient evidence to demonstrate that Menke entered the UTA bus unlawfully.

¶4    Menke next argues that there was insufficient evidence to demonstrate that he entered the bus with the intent to commit a felony or a theft. "[I]ntent may be inferred from conduct and attendant circumstances in light of human behavior and experience." *State v. Hawkins*, 967 P.2d 966, 972 (Utah Ct. App. 1998). Such evidence may include "the manner of entry, the time of day, the character and contents of the building [or vehicle], the person's actions after entry, the totality of the surrounding circumstances, and the intruder's explanation." *Id.* Here, the facts supported the inference that Menke entered the bus with the intent to commit a theft. Menke admitted that he did not have permission to enter the bus, and the manner of his entry was suspicious. Menke was observed crouching down in the area of the bus where the bus driver sits and where the transfer slips might logically be kept. When police searched Menke's backpack they found numerous transfer slips. Further, the explanation Menke offered at trial for entering the bus was different from the explanation given at the time of his arrest, and neither version provided a logical reason for why he would have entered a locked bus without permission. Under the totality of these circumstances, there exists a reasonable inference that Menke entered the bus with the intent to commit a theft.

¶5    Affirmed.

––––––––––